USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: June 8, 06

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FUNDEX CAPITAL CORPORATION,

                Plaintiff,

-against-

DONALD B. ROCHELLE, CHARLES D. McDERMOTT,
CINIRA G. ROCHELLE and E. JOHN SHAW,

                Defendants.
------------------------------------------------------------X

05 Civ. 2972 (RMB)

**DECISION & ORDER**

## I. Background

On March 15, 2005, Fundex Capital Corporation ("Plaintiff") filed a complaint to enforce certain guaranties made by Donald B. Rochelle, Charles D. McDermott, Cinira G. Rochelle, and E. John Shaw ("Defendants"). The guaranties were governed by a promissory note executed on May 11, 2000 ("Note").

The matter was referred to Magistrate Judge James C. Francis IV for an inquest on damages following entry of a default judgment in favor of Plaintiff and against Defendants on November 28, 2005. (See Default Judgment, dated November 28, 2005 ("ORDERED, ADJUDGED AND DECREED: That the plaintiff have judgment against the Defendants ... Amount of damages to be determined by Magistrate Judge Francis.").) After reviewing the complaint, dated March 15, 2005 ("Complaint"), Plaintiff's affidavit, dated January 30, 2006, and a letter submitted by Defendant Donald B. Rochelle, dated February 14, 2006, Magistrate Francis issued a Report and Recommendation, dated March 6, 2006 ("Report"), recommending that Plaintiff be awarded "$187, 162.91 in principal, $57,710.83 in interest through March 15,

2006, and $1,097.76 in late fees, for a total of $245,980,50." Report at 9.[1] The Report also states that "despite being afforded notice, the defendants [including Mr. Rochelle] did not appear" at a hearing held on February 15, 2006. Id. at 1.

The Report advises that "the parties shall have ten (10) days from [the date of service of the Report] ... to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard M. Berman." Id. at 9.

No objections were filed to the Report.

**II. Standard of Review**

In reviewing a magistrate's report, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Hudson Venture Partners, L.P. v. Patriot Aviation Group, Inc., No. 98 Civ. 4132, 2001 WL 345243, *1 (S.D.N.Y. Apr. 9, 2001) (quoting 28 U.S.C. § 636(b)(1)(c)). Where no objections have been filed, "the Court need not perform a *de novo* review." Wilson Impex PTE Ltd. v. American Polymer Group, Inc., No. 97 Civ. 4157, 2000 WL 1855122, *1 (S.D.N.Y. Dec. 19, 2000) (emphasis in original). "A court may adopt those portions of a Report and Recommendation to which the parties do not object and with which the court finds no clear error." Id.; Hudson Venture Partners, L.P., 2001 WL 345243, *1 ("a district court need only satisfy itself that there is no clear error on the face of the record").

---

[1] Mr. Rochelle's letter indicated he had notice of the upcoming hearing before Judge Francis and stated, inter alia, "The principle [sic] balance due at default was not the same as principle balance due as per law suit." (Letter from Donald B. Rochelle to James C. Francis IV, United States Magistrate Judge, dated February 14, 2006).

2

## III. Conclusion and Order

The Court has reviewed the record herein as well as the relevant legal authorities and finds no "clear error." The Report is not facially erroneous and is, in fact, supported by the record and the law.

Accordingly, for the reasons set forth therein and herein, the Court adopts the Report in its entirety. Judgment is entered in favor of Plaintiff and against Defendants for $187,162.91, plus $68,048.38 in interest through June 8, 2006, pursuant to the terms of the Note, and late fees in the amount of $1,097.76.[2] The Clerk is respectfully requested to enter judgment in accordance with this Order.

Dated: New York, New York
June 8, 2006

*RMB*

RICHARD M. BERMAN, U.S.D.J.

---

[2] The Note states that the interest rate on the loan be "computed ... at the rate of 17.5% per annum or the maximum rate permitted by law (whichever is lower)" and further provides that "[i]nterest on the indebtedness evidenced by this note after default or maturity shall be due and payable at the rate of seven (7%) percent per annum above the face rate of this note." (See Note at 1-2; see also Report at 7-8.)